DANIEL MARCY, et al. *v.* J. L. WARNER & Co.

*Where freight is received without objection or protest, on the part of defendant, it is too late to dispute the legality of plaintiffs' claim.*

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J. *Buchanan & Gilmore* for plaintiffs. *Benjamin, Bradford & Finney* for defendants.

JONES, J. The plaintiffs sue the defendants for a freight bill, on the shipment of a cargo of ice, from Boston to New Orleans, by the vessel Orazimbo. The defendants, besides a general denial, plead, by way of reconvention, that they suffered damage on said shipment to the extent of six thousand dollars, on account of the negligence of the captain and crew, on this voyage, from the point of departure to the place of destination, which damage is specially charged to have arisen, on the part of said captain and crew, in carelessly permitting salt water to mingle with said cargo of ice.

The plaintiffs have fully established their right of action, and the amount thereof, by the custom of New Orleans, where said ice was delivered by contract.

We propose to examine the reconventional demand set up by the defendants against the plaintiffs.

The cargo of ice having been shipped in good order, and received without objection or protest on the part of defendants, it is too late to dispute the legality of plaintiffs' claim. The evidence on behalf of plaintiffs, and the conduct of defendants, cast the *onus probandi* on the defendants, as plaintiffs in reconventional demand, to show to a legal certainty, by proof, that they have sustained the whole or part of the damage, as alleged in their demand.

We think the evidence, in this respect, is too vague and uncertain, to base any judgment in favor of these defendants against the plaintiffs.

Besides, we are satisfied, from the evidence in the record, that if any loss to the cargo of ice was sustained, outside of that incident to its transportation, it occurred in consequence of stress of weather, for which the law would not hold plaintiffs responsible.

We are, therefore, of the opinion that the judgment must be affirmed, with costs.

LABAUVE, J., absent.